64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert J. HERSCHLER, Plaintiff-Appellee,
v.
FOODSCIENCE CORPORATION, Dom Orlandi, Claudia Orlandi and
Louis Drudi, Defendants-Appellants.
 No. 93-1138.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
Rehearing Denied Sept. 22, 1995.
Rehearing Denied; In Banc Suggestion Declined Oct. 18, 1995.
 
 Before NIES, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 Opinion for the court filed by Judge NEWMAN. Dissenting in part opinion filed by Judge NIES.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 The judgment of the United States District Court for the District of Vermont*, sustaining the validity of Patent Nos. 4,616,039 and 4,863,748, finding willful patent infringement, and non-infringement of the trademark "MSM," is affirmed-in-part and reversed-in-part.
 
 Validity
 
 2
 The district court held that Foodscience failed to show that the claims in the '039 and '748 patents are invalid for prior public use. On careful review, we conclude that the claims that include human use are invalid based on prior public use at the Jacob Clinic, whereas those claims that are limited to non-human use were not invalidated by the use at the Clinic. See Baker Oil Tools, Inc. v. Geo Vann, Inc., 828 F.2d 1558, 4 USPQ2d 1210 (Fed. Cir. 1987) (discussing criteria for experimental use exception to public use bar). Claims 4, 9, and 11 of the '039 patent are specific to herbivores, as are claims 5, 12, and 14-15 of the '748 patent. The district court's judgment is affirmed as to these claims of the '039 and the '748 patents, and is reversed as to the other claims.
 
 Infringement
 
 3
 Foodscience's accused activities relate solely to sale for use as animal feed supplements. The district court found that Foodscience infringed and induced infringement of the patents in suit. Foodscience has not disputed the nature of its sales activities, and has not shown clear error in the district court's finding of infringement based on animal use. Nor has clear error been shown in the finding of willfulness, based on the facts found by the district court including the evidence of Foodscience's opinions of counsel.
 
 Other Issues
 
 4
 Foodscience argues that the district court did not address the issues of invalidity under 35 U.S.C. Sec.103 or unenforceability. Foodscience did not request additional findings or amendment of the judgment on these issues, although Foodscience did file a motion under Fed. R. Civ. P. 52(b) directed to the public use issue under 35 U.S.C. Sec.102(b). Since the asserted public use is the basis of the inequitable conduct claim, the failure of Foodscience to request a ruling on inequitable conduct or findings of facts relating thereto, despite having moved under Rule 52(b), must be deemed a waiver of the objection. Concerning Sec.103, we take note that the district court found that there was no relevant prior art. It thus is inaccurate to argue that Sec.103 was not considered by the district court. We have been directed to no reversible procedural error by the district court, in view of Foodscience's actions at the trial and in its post-trial procedures.
 
 
 5
 Nies, Circuit Judge, dissenting in part.
 
 
 6
 I would vacate the judgment and remand for the district court to make findings on the issues of validity and enforceability of the '039 and '748 patents. I find no legal basis for holding that FoodScience waived these issues.
 
 
 7
 I also would hold that infringement was not proved. Herschler admitted that he never tested any animal fed FoodScience's product to establish that the animal had a body level of MSM less than 1 ppm before feeding. Likewise, no testing showed that feeding the animal FoodScience's product raised the body level to at least 1 ppm as the asserted claim of the '039 patent requires. Similarly, Herschler admitted that he never tested any FoodScience product, which is necessary to establish infringement of the '748 patent. Further, to continue with a trial on damages where proof of specific infringing sales is necessary would be fruitless.
 
 
 
 *
 Herschler v. Foodscience Corp., No. 90-84 (D. Vt. Nov. 5, 1992)